J-E03011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EUGENE LAMONT DAVIS | |
| Appellant | No. 1440 EDA 2015 |

Appeal from the Order April 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009685-2014

BEFORE: BENDER, P.J.E., BOWES, J., PANELLA, J., LAZARUS, J., OTT, J.,
STABILE, J., DUBOW, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.: **FILED SEPTEMBER 19, 2017**

Appellant, Eugene Lamont Davis, appeals from the order entered April 13, 2015, denying his motion to dismiss which asserted a violation of Pennsylvania's compulsory joinder rule. **See** 18 Pa.C.S. § 110. We affirm.

We derive the following statement of facts and procedural background of this case from the trial court's opinion and the record. **See** Trial Ct. Op. 8/19/2015, at 1-2.

> [In March 2014], Philadelphia[1] Police Officers [], in a marked patrol vehicle, observed [Appellant] driving a vehicle with tinted windows at a high rate of speed and disregarding a stop sign. The officers attempted to stop [Appellant's] vehicle by operating their lights and sirens. [Appellant] allegedly failed

---

[1] Philadelphia is the First Judicial District of Pennsylvania. 42 Pa.C.S. § 901(a).

- 1 -

to pull over for several blocks. During the pursuit, [Appellant] allegedly sped through two steady red lights and two additional stop signs, causing another vehicle to swerve out of the way. [Appellant] was arrested and was charged with driving under the influence [("DUI")] (75 Pa.C.S. § 3802) fleeing and eluding police (18 Pa.C.S. § 3733), and recklessly endangering another person [("REAP")] (18 Pa.C.S. § 2705). Appellant was also issued traffic citations under the [] Vehicle Code.[2]

[In May 2014], [Appellant] was found guilty *in absentia* on all four traffic offenses [] [in] the [Philadelphia] Municipal Court - Traffic Division. The DUI charge was listed in the [General] Division of the Municipal Court for disposition. A preliminary hearing was held[], and [Appellant] was bound over for trial [in the Court of Common Pleas] on all charges. [] [In February 2015, Appellant argued a motion to dismiss the remaining charges before the court, asserting that subsection (1)(ii) of 18 Pa.C.S. § 110, known as the compulsory joinder rule, barred his subsequent prosecution. *See* Notes of Testimony (N.T.), 2/19/2015, at 4. Appellant argued that dismissal was appropriate because the multiple charges filed against him arose from the same criminal episode, occurred within the same judicial district, and the Commonwealth was aware of the charges when it prosecuted him for the summary offenses. *Id*. at 4-11.] [In April 2015], this court denied [Appellant's] motion to dismiss. [Appellant] filed a notice of appeal[3] [in May 2015. No 1925(b) statement was ordered.]

*Id*. at 1-2 (unnecessary capitalization and some footnotes omitted).

The trial court filed an opinion in August 2015. In June 2016, this Court issued a memorandum opinion affirming the trial court. Appellant

_____

[2] [Appellant] received [] citations for driving without a license [], reckless driving [], disregarding a red signal [], and illegal sunscreen []. [75 Pa.C.S. §§ 1501(a), 3736(a), 311(a)(3)(i), and 4524(e)(1), respectively.]

[3] As Section 110 "embodies the same basic purposes as those underlying the double jeopardy clauses, the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110." ***Commonwealth v. Bracaielly***, 658 A.2d 755, 759-760 (Pa. 1995).

petitioned this Court for *en banc* reconsideration, which was granted in August 2016.

Appellant raises the following claim for our review:

1. Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 in that: (i) [Appellant] was found guilty in Philadelphia Municipal Court's Traffic Division on four traffic citations; (ii) the Traffic Division prosecutions were based upon the same criminal conduct and/or [a]rose from the same criminal episode as the instant criminal charges; (iii) the Commonwealth was aware of the instant charges before the commencement of the trial on the former charges; and, (iv) these instant charges occurred within the same judicial district as the former prosecutions in the Philadelphia Municipal Court's Traffic Division?

Substituted Brief for Appellant, at 3.

This Court addressed the compulsory joinder rule in our recent decision, **Commonwealth v. Perfetto**, --- A.3d --- (Pa. Super. 2017) (*en banc*).[4] The **Perfetto** Court held that jurisdiction is no longer an express element of the four-prong compulsory joinder test; rather, a court must consider whether all charges occurred within the same judicial district. **Perfetto**, --- A.3d ---, *21 (Pa. Super. 2017) (*en banc*). The **Perfetto** Court also held that jurisdiction is implicit in any compulsory joinder analysis, and in judicial districts with an open traffic court, summary traffic offenses may be disposed of in a single proceeding in the traffic court, which

---

[4] A claim regarding compulsory joinder pursuant to 18 Pa.C.S. § 110 raises a question of law reviewed under a *de novo* standard of review and a plenary scope of review. **See Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa. 2008).

has exclusive jurisdiction to hear it, without violating the compulsory joinder rule. *Id*. at *12-14. Further, the Court observed that in the unique context of Philadelphia, the Supreme Court of Pennsylvania has allocated disposition of summary traffic offenses solely to the Philadelphia Municipal Court Traffic Division. *Id*. at *16-21. As such, the court concluded that Title 75 summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division and that a separate proceeding must be held for the remaining, higher offenses. *Id*. at *18.

Applying the **Perfetto** holding to the case *sub judice*, Appellant's subsequent prosecution is not subject to dismissal under compulsory joinder, as Appellant's prior summary traffic offenses were adjudicated in the Municipal Court Traffic Division. The trial court's denial was proper. Accordingly, we affirm.

Order affirmed.

P.J.E. Bender, and Judges Bowes, Panella, Ott, and Stabile
join the memorandum.
Judges Lazarus, Dubow, and Moulton concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017